UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **MISTY BYRD** | * | **CIVIL ACTION NO.   14-2804** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **THE BOARD OF SUPERVISORS FOR THE UNIVERSITY OF LOUISIANA SYSTEM d/b/a LOUISIANA TECH UNIVERSITY** | * | **MAG. JUDGE KAREN L. HAYES** |

**REPORT AND RECOMMENDATION**

Before the undersigned magistrate judge, on reference from the District Court, is a motion to abstain and thereby dismiss or stay proceedings [doc. # 7] filed by defendant the Board of Supervisors for the University of Louisiana System d/b/a Louisiana Tech University ("Louisiana Tech").  For reasons set forth below, it is recommended that the motion be DENIED.

**Background**

From 2002 until her dismissal in April 2012, Misty Byrd was employed at Louisiana Tech University.  During the period at issue, Byrd's immediate supervisor was her (now former) stepfather, Glenn Beer.  Byrd alleges that during her tenure, Beer constantly harassed her via sexually-suggestive texts and emails.  In April 2012, Byrd finally reported the harassment to her employer, but her complaints were rebuffed.  Instead, Beer dismissed Byrd from employment. *Id*., ¶ 6.

In the wake of her dismissal, Byrd initiated charges against Louisiana Tech with the U.S. Equal Employment Opportunity Commission ("EEOC").  *See* EEOC Dismissal and Notice of Rights Letters; M/Abstain, Exhs. B & C.  Without awaiting the outcome of her EEOC

complaint(s), however, Byrd filed suit on February 4, 2013, against the University of Louisiana System d/b/a Louisiana Tech University ("Louisiana Tech") and Glenn Beer in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana. *Byrd v. The University of Louisiana System*, No. 618,929 (19th JDC) (the "State Suit"); M/Abstain, Exh. A. Byrd did not specify any theory of recovery, but requested damages for lost wages, lost retirement income, emotional distress, reinstatement, costs, and judicial interest. *Id.*, Prayer.

Meanwhile, on June 30, 2014, the EEOC closed Byrd's complaint and issued her a right to sue notice because she had filed suit against Louisiana Tech. (EEOC Dismissal and Notice of Rights Letters; M/Abstain, Exhs. B & C). Thus, on September 25, 2014, Byrd filed the instant complaint under Title VII of the Civil Rights Act of 1964 against the Board of Supervisors for the University of Louisiana System d/b/a Louisiana Tech University ("Louisiana Tech") ("Federal Suit"). The Federal Suit does not include Beer as a defendant, and aside from recounting the EEOC filing, invoking Title VII, and estimating damages at $750,000, it mimics the allegations set forth in the State Suit.

On April 16, 2015, Louisiana Tech, via the instant motion, petitioned the court to abstain from exercising jurisdiction in the Federal Suit because of the pendency of the parallel State Suit. Plaintiff filed her opposition on May 25, 2015, in which she clarified that her Federal Suit presents solely federal claims against Louisiana Tech, whereas her State Suit asserts exclusively state law claims against Louisiana Tech and Beer. (Pl. Opp. Memo., pgs. 1-2 [doc. # 13]). Louisiana Tech filed its reply on June 2, 2015. (Reply Memo. [doc. # 16]). Thus, the matter is ripe.

**Discussion**

Louisiana Tech urges abstention pursuant to *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236 (1976) ("*Colorado River*"). The *Colorado River* abstention doctrine reflects "principles of federalism, comity, and conservation of judicial resources" and presents an "extraordinary and narrow exception" to the "virtually unflagging obligation of the federal courts" to exercise the jurisdiction conferred upon them. *Black Sea Inv., Ltd. v. United Heritage Corp.*, 204 F.3d 647, 650 (5th Cir. 2000) (citations omitted).[1]

As a preliminary matter, the court observes that *Colorado River* abstention is "available only where the state and federal proceedings are parallel—i.e., where the two suits involve the same parties and the same issues." *American Guarantee & Liability Ins. Co. v. Anco Insulations, Inc.*, 408 F.3d 248, 251 (5th Cir. 2005). However, precise identity of the parties is not required. *African Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 798 (5th Cir. 2014) ("*Lucien*"). Rather, it suffices if the interests of the plaintiffs in each of the suits are congruent and where there is a substantial likelihood that the state litigation will dispose of all claims presented in the federal case. *Lucien, supra* (citations omitted).

Here, the parties in both suits are identical, save for the inclusion of Beer in the State Suit. Nonetheless, the interests of the parties in either action are aligned either with Byrd or Louisiana Tech. *See Lucien, supra*. Moreover, although Byrd purports to split her state and federal law theories of recovery between the respective tribunals, it is likely that resolution of the State Suit

---

[1] In support of its motion, Louisiana Tech repeatedly cites *PPG Indus., Inc. v. Cont'l Oil Co.*, 478 F.2d 674, 683 (5th Cir. 1973). However, *PPG Indus., Inc.*, predates *Colorado River*, and likely is outdated. *See Exxon Mobil Corp. v. Falcon*, Civ. Action No. 12-0454, 2012 WL 630048, at *3, n.2 (E.D. La. Feb. 27, 2012).

will preclude prosecution of the Federal Suit under principles of *res judicata*. *See Nilsen v. City of Moss Point, Miss.*, 701 F.2d 556, 563 (5th Cir. 1983); *Harrell v. Louisiana Dep't of Health & Hospitals, No.*, Civ. Action No. 10-0156, 2011 WL 6843004 (W.D. La. Dec. 29, 2011); *Pointer v. Crown & Seal Co.*, 791 F. Supp. 164, 168 (S.D. Tex. 1992) (citation omitted). Accordingly, the undersigned finds that the State and Federal Suits are parallel.

Having determined that the cases are parallel, the court must proceed to balance six factors to determine whether exceptional circumstances warrant abstention in this case; they include,

(1) assumption by either court of jurisdiction over a res;

(2) the relative inconvenience of the forums;

(3) the avoidance of piecemeal litigation;

(4) the order in which jurisdiction was obtained by the concurrent forums;

(5) whether and to what extent federal law provides the rules of decision on the merits; and

(6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction.

*Black Sea Inv., Ltd., supra*. (citation omitted); *Lucien, supra* (citation omitted). The balance, however, is weighed heavily in favor of the exercise of jurisdiction. *Lucien, supra* (citation omitted).

Applying the foregoing factors here, the court finds, as follows,

**1) Jurisdiction over a Res**

Neither court has assumed jurisdiction over any res property. The absence of this factor weighs *against* abstention. *Black Sea Inv., Ltd.*, 204 F.3d at 650 (citation omitted).

**2)      Relative Inconvenience of the Forums**

This factor contemplates "whether the inconvenience of the federal forum is so great" that abstention is warranted. *Kelly Inv., Inc. v. Continental Common Corp.*, 315 F.3d 494, 498 (5th Cir. 2002) (citation omitted). There is no indication that a federal court sitting in Monroe, Louisiana some 35 miles away from Ruston, Louisiana, where both plaintiff resides and Louisiana Tech is situated, is materially more inconvenient than a state court located approximately 190 miles away in Baton Rouge, Louisiana. Accordingly, this factor weighs *against* abstention. *Black Sea Inv., Ltd.*

**3)      Avoidance of Piecemeal Litigation**

Louisiana Tech contends that abstention is necessary to avoid duplication of efforts, inconsistent judgments, unnecessary costs, and inconvenience to the witnesses. However,

> [t]he prevention of duplicative litigation is not a factor to be considered in an abstention determination. *Duplicative* litigation, wasteful though it may be, is a necessary cost of our nation's maintenance of two separate and distinct judicial systems possessed of frequently overlapping jurisdiction. The real concern at the heart of the third *Colorado River* factor is the avoidance of *piecemeal* litigation, and the concomitant danger of inconsistent rulings with respect to a piece of property. When . . . no court has assumed jurisdiction over a disputed res, there is no such danger.

*Black Sea Inv., Ltd, supra* (citations and internal quotation marks omitted).[2]

Here, no court has assumed jurisdiction over a disputed res; thus, this factor weighs *against* abstention. *Id.*[3]

---

[2] Furthermore, *res judicata* acts as a bar to dual prosecution. *Murphy v. Uncle Ben's, Inc.*, 168 F.3d 734, 738 (5th Cir. 1999).

[3] To conserve discovery costs, the parties may agree that discovery is applicable to both cases.

**4) Order in Which Jurisdiction was Obtained**

This factor does not consider exclusively which complaint was filed first, but rather how much progress has been made in each of the two actions. *Black Sea Inv., Ltd, supra*. Here, although the State Suit was filed before the Federal Suit, discovery has not yet commenced in the State Suit. (Opp. Memo., pg. 2). Because the State Suit has not progressed significantly more than the instant suit, this factor weighs *against* abstention. *See Black Sea Inv., Ltd, supra*.

**5) Whether State or Federal Law is Applicable**

The presence of a federal law issue is a major consideration weighing against abstention. *Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d 1185, 1193 (5th Cir. 1988) (citation omitted). In the Federal Suit, Byrd seeks to vindicate solely her rights under federal law. Thus, this factor weighs *against* abstention.

**6) Adequate Protection Afforded by the State Court**

This final issue contemplates whether the federal court will have anything further to do after resolution of the parallel state court suit. *See Murphy, supra* (citation omitted). However, this last factor "can only be a neutral factor or one that weighs against, not for, abstention." *Black Sea Inv., Ltd, supra* (citation omitted). Thus, even construing this factor in favor of Louisiana Tech, it remains no more than neutral in the court's abstention analysis.

## Conclusion

Upon application of the *Colorado River* abstention factors, the court finds that they overwhelmingly counsel against abstention or otherwise remain neutral. Consequently, this case does not present the requisite exceptional circumstances to support abstention under *Colorado River*. *See e.g., Transocean Offshore USA, Inc. v. Catrette*, 239 Fed. Appx. 9 (5th Cir. Jan. 12,

2007) (the presence of one factor supporting abstention did not suffice) (citation omitted); *Murphy, supra*; *Black Sea Inv., Ltd, supra*.

For the foregoing reasons,

IT IS RECOMMENDED that the motion to abstain and thereby dismiss or stay proceedings [doc. # 7] filed by defendant the Board of Supervisors for the University of Louisiana System d/b/a Louisiana Tech University be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and F.R.C.P. Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 8th day of June 2015.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE