UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **MISTY BYRD** | * | **CIVIL ACTION NO. 14-2804** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **THE BOARD OF SUPERVISORS FOR THE UNIVERSITY OF LOUISIANA SYSTEM d/b/a LOUISIANA TECH UNIVERSITY** | * | **MAG. JUDGE KAREN L. HAYES** |

**RULING**

Plaintiff Misty Byrd ("Byrd"), a former employee of Louisiana Tech University, brought this action against the Board of Supervisors for the University of Louisiana System d/b/a Louisiana Tech University ("Tech"). She alleges that she suffered sexual harassment that resulted in her discharge. Tech filed a Motion for Summary Judgment [Doc. No. 29], contending that it was entitled to dismissal of the claims against it under the *Ellerth*/*Faragher* defense. Byrd opposes Tech's motion and filed her own Motion for Summary Judgment on the Issues of Liability and Causation [Doc. No. 32].

For the following reasons, the cross-motions for summary judgment are both DENIED.

**I.      FACTS AND PROCEDURAL HISTORY**

Byrd began her employment with Tech in 2003. She continued her employment there as an office administrator in the College of Education until her termination at the end of March 2012.[1]

---

[1] The parties apparently dispute whether Byrd was terminated in March or April 2012, but this factual distinction is insignificant for purposes of the Court's ruling.

During her employment, Tech continuously maintained written policies on the report of sexual harassment and investigation of sexual harassment complaints. Byrd was aware that these policies were available online.

Throughout her nine years of employment, Byrd was directly supervised by Dr. Glen Beer ("Beer"). Until his divorce from her mother in 2007, Beer was also her step-father. Byrd alleges that she was subjected to sexual harassment by Beer every year until January 2012 when she threatened to report Beer to Tech's Human Resources Department.

Beer terminated Byrd's employment on or about March 30, 2012.

Byrd timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). The EEOC issued a notice of right to sue.

On September 24, 2014, Byrd filed this lawsuit asserting claims of sexual harassment under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*

On May 13, 2016, Tech filed its Motion for Summary Judgment, asserting that "the *Ellerth/Faragher* [defense] bars Plaintiff's recovery and entitles LA Tech to summary judgment in its favor as a matter of law." [Doc. No. 29, p. 1]. Byrd opposes this motion, contending that the defense is inapplicable and that, even if it had some general applicability, Tech should not be granted summary judgment based on its own actions in the case. [Doc. No. 38].

On May 16, 2016, Byrd filed her Motion for Summary Judgment on the Issues of Liability and Causation [Doc. No. 32]. Tech opposes this motion. [Doc. No. 37].

## II. LAW AND ANALYSIS

### A. Motions for Summary Judgment

Under Federal Rule of Civil Procedure 56(a), "[a] party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which

summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the initial burden of informing the court of the basis for its motion by identifying portions of the record which highlight the absence of genuine issues of material fact. *Topalian v. Ehrmann*, 954 F.2d 1125, 1132 (5th Cir. 1992); *see also* Fed. R. Civ. P. 56(c)(1) ("A party asserting that a fact cannot be . . . disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). In evaluating the evidence tendered by the parties, the Court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255. However, "a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. Thus, Summary Judgment is appropriate if a reasonable jury could not return a verdict for the nonmoving party." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)); *see also Ruiz v. Whirlpool, Inc.*, 12 F.3d 510, 513 (5th Cir. 1994) ("Testimony based on conjecture or speculation is insufficient to raise an issue of fact to defeat a summary judgment motion because 'there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. . . . If the evidence is

merely colorable, or is not significantly probative, summary judgment may be granted.'").

      **B.**     **The *Faragher/Ellerth* Defense is Inapplicable.**

Title VII forbids employers to take actions on the basis of sex that "discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment." 42 U.S.C. § 2000e-2(a)(1). Sexual harassment is a form of discrimination prohibited under Title VII. *See Meritor Savings Bank v. Vinson,* 477 U.S. 57 (1986).

To prevail on a sex-based harassment claim alleging hostile work environment, the plaintiff must prove: (1) she belongs to a protected class; (2) she was subjected to unwelcome harassment; (3) the harassment complained of was based on sex; (4) the harassment complained of affected a term, condition, or privilege of employment; and (5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action. *Green v. Adm'rs. of the Tulane Educ. Fund*, 284 F.3d 642, 655 (5th Cir. 2002), as amended on denial of reh'g and reh'g en banc (Apr. 26, 2002) (internal citation omitted). When an employee alleges harassment by a supervisor, she is not required to show that the employer knew or should have known about the harassment; knowledge is presumed because of the harasser's supervisory status. *Id.*

If an employee is asserting a hostile work environment that does not result in a tangible employment action, the employer may raise the so-called *Faragher/Ellerth* affirmative defense by showing that it exercised reasonable care to prevent and promptly correct the harassing behavior and that the employee unreasonably failed to take advantage of any preventative or corrective opportunities provided by the employer. *See Faragher v. City of Boca Raton*, 524 U.S. 775, 808 (1998); *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742, 765 (1998)).

However, "[o]nce a tangible employment action has been found, an employer is not entitled

to the *Faragher/Ellerth* defense." *Green*, 284 F.3d at 655; *see also Ellerth*, 524 U.S. at 766 ("Ellerth has not alleged she suffered a tangible employment action at the hands of Slowik, which would deprive Burlington of the availability of the affirmative defense . . ."). As the Supreme Court recently reaffirmed:

> Under Title VII, an employer's liability for such harassment may depend on the status of the harasser. If the harassing employee is the victim's co-worker, the employer is liable only if it was negligent in controlling working conditions. In cases in which the harasser is a "supervisor," however, different rules apply. **If the supervisor's harassment culminates in a tangible employment action, the employer is strictly liable**. But if no tangible employment action is taken, the employer may escape liability by establishing, as an affirmative defense, that (1) the employer exercised reasonable care to prevent and correct any harassing behavior and (2) that the plaintiff unreasonably failed to take advantage of the preventive or corrective opportunities that the employer provided.

*Vance v. Ball State Univ.*, 133 S. Ct. 2434, 2439 (2013) (citing *Faragher*, 524 U.S. at 807; *Ellerth*, 524 U.S. at 765) (emphasis added). The Supreme Court then held that an employee is "a 'supervisor' for purposes of vicarious liability under Title VII if he or she is empowered by the employer to take tangible employment actions against the victim . . . ." 133 S. Ct. at 2439.

Byrd alleges that she was subjected to harassment by her supervisor, Beer, over a period of years and that, ultimately, he terminated her employment.[2] Termination is a tangible employment action. Under these facts, the *Faragher/Ellerth* defense does not apply. Tech's Motion for Summary Judgment is DENIED.[3]

---

[2]A tangible employment action is defined as a "significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing significant change in benefits." *Ellerth*, 524 U.S. at 761.

[3]Given the inapplicability of the defense, the Court need not address the parties' other arguments on the reasonableness of their respective actions or other issues unnecessary to the ruling.

### C.    State Law on Duty/Risk and Negligence is Inapplicable.

In her motion for partial summary judgment, Byrd argues that the Court should apply the analysis applicable to negligence claims under Louisiana Civil Code article 2317.1 and the five-part duty/risk analysis discussed by the Louisiana Supreme Court in *Toston v. Pardon*, 03-1747 (La. 04/23/04), 874 So.2d 791.  Confusingly, however, Byrd then cites the Court to case law on respondeat superior and claims of retaliation under Title VII.

Tech responds that the duty/risk analysis is inapplicable to Title VII retaliation claims, that Byrd has failed to establish that she is entitled to summary judgment on a claim of retaliation, and that respondeat superior is inapplicable because Tech meets the requirements of the *Faragher/Ellerth* defense.

First, the Court notes that Byrd's Complaint appeared to assert only a sexual harassment claim under Title VII, not retaliation.

Second, regardless whether Byrd asserts claims of sexual harassment, retaliation, or both, the duty-risk analysis and analysis under article 2317.1 have no application whatsoever to Title VII claims.  Thus, Byrd is not entitled to summary judgment based on these inapplicable state law analyses.

To the extent that Byrd is asserting a Title VII retaliation claim, the Court finds that Tech has provided sufficient evidence to show that there are genuine issues of material fact for trial.[4]  Thus,

---

[4]When a claim is raised for the first time in response to a summary judgment motion, "the district court should construe that claim as a motion to amend the complaint under Federal Rule of Civil Procedure 15(a)." *Stover v. Hattiesburg Pub. Sch. Dist.*, 549 F.3d 985, 989 n. 2 (5th Cir. 2008);  *Sherman v. Hallbauer*, 455 F.2d 1236, 1242 (5th Cir. 1972).

In this case, however, Byrd raises the claim in her own motion, suggesting that she believes that the claim was already asserted.  Prior to the pre-trial conference, Byrd should clarify

she is not entitled to summary judgment on this basis either.

Finally, as discussed fully above, Tech is not entitled to rely on the *Faragher/Ellerth* defense and may be held liable at trial for Beer's actions. However, there are genuine issues of material fact as to liability. Accordingly, Byrd's motion for partial summary judgment is DENIED.

### III. CONCLUSION

For the foregoing reasons, the cross-motions for summary judgment [Doc. Nos. 29 and 37] are DENIED.

MONROE, LOUISIANA, this 22nd day of June, 2016.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

---

whether she is asserting only a sexual harassment claim or both sexual harassment and retaliation. If the retaliation claim was NOT asserted in her Complaint, she should move to amend pursuant to Rule 15(a). Tech will then have the opportunity to challenge the motion.