# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | | |
|---|---|---|
| **MISTY BYRD** | * | **CIVIL ACTION NO. 14-2804** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **THE BOARD OF SUPERVISORS FOR THE UNIVERSITY OF LOUISIANA SYSTEM d/b/a LOUISIANA TECH UNIVERSITY** | * | **MAG. JUDGE KAREN L. HAYES** |

## RULING

This is a sexual harassment and retaliation action brought by Plaintiff Misty Byrd ("Byrd") against her former employer, Defendant the Board of Supervisors for the University of Louisiana System d/b/a Louisiana Tech University ("Louisiana Tech"), pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq*.

Pending before the Court is a Motion in Limine [Doc. No. 43] filed by Louisiana Tech. Louisiana Tech moves the Court to exclude from trial (1) evidence of the April 19, 2010 Consent Decree entered in the matter of *EEOC v. University of Louisiana at Monroe*, Civil Action No. 05-1158, and (2) evidence of any student complaint against David Gullatt. Byrd filed a memorandum in opposition to this motion [Doc. No. 51].

For the following reasons, the Motion in Limine is GRANTED IN PART and DENIED IN PART.

## I.    BACKGROUND AND PROCEDURAL HISTORY

Byrd was employed by Louisiana Tech between 2003 and 2012.  During that time she was

under the direct supervision of Dr. Glen Beer ("Beer"), who was also her step-father until his divorce

from her mother in 2007.  Byrd alleges that she was subjected to sexual harassment by Beer which

ultimately resulted in her discharge.  She further alleges that her discharge was also in retaliation for

reporting Beer's sexual harassment to his supervisor, David Gullatt ("Gullatt"), Dean of the College

of Education.  Gullatt allegedly refused to listen to her.

In its June 22, 2016 Ruling [Doc. No. 39], the Court found that Byrd has raised genuine

issues of material fact for trial on her sexual harassment and retaliation claims.[1]  The Court further

found that Louisiana Tech is not entitled to rely on the *Faragher/Ellerth* defense and may be held

liable if Byrd proves that Beer sexually harassed her.  *See* [Doc. No. 39, pp 4-5 (finding that when

an employee asserts a hostile work environment that does not result in a tangible employment action,

the employer may raise the *Faragher/Ellerth* affirmative defense by showing that it exercised

reasonable care to prevent and promptly correct the harassing behavior and that the employee

unreasonably failed to take advantage of any preventative or corrective opportunities, but if there

is a tangible employment action, the employer is not entitled to this defense.) (citing *Faragher v.

City of Boca Raton*, 524 U.S. 775, 808 (1998); *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742,

765 (1998)).

---

[1]At the time the Court ruled on the dispositive motions in this case, it was unclear
whether Byrd thought she had raised a retaliation claim in her Complaint or whether she was
attempting to assert a new claim.  *See* [Doc. No. 39, pp. 6-7 n.4].  To the extent that she had
already asserted the claim, the Court found there were genuine issues of material fact for trial.
Since that time, Byrd moved to amend her Complaint to clearly add a retaliation claim.  Over
Louisiana Tech's objection, Magistrate Judge Hayes granted her leave to amend.  Louisiana Tech
did not appeal Magistrate Judge Hayes' order, and, thus, the order is now final. *See* FED. R. CIV.
P. 72(a).  It is now clear that Byrd asserts both sexual harassment and retaliation claims under
Title VII, both of which raise genuine issues of material fact for trial.

## II.      EVIDENCE SOUGHT TO BE EXCLUDED

### A.      Consent Decree

First, Louisiana Tech moves to exclude any evidence that it failed to comply with the April 19, 2010 Consent Decree entered in the unrelated case of *EEOC v. University of Louisiana at Monroe*, Civil Action No. 05-1158.

In that case, the EEOC brought suit against the University of Louisiana at Monroe ("ULM"), one of the universities under the auspices of the Board of Supervisors for the University of Louisiana System ("the Board"), contending that ULM had engaged in practices which violated the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 623(a) &(d), 626(b).  The case was ultimately resolved when the EEOC and the Board entered into a consent decree which was approved by the Court on April 19, 2010.

As part of the consent decree, the Board agreed to issue and disseminate a new anti-retaliation policy and to "rescind and remove from all of its written policies any references to punishment or discipline of persons for making false claims of discrimination, and notify all of its universities of such rescission." *EEOC v. University of Louisiana at Monroe*, Civil Action No. 05-1158 [Doc. No. 97, § 11].  Louisiana Tech, as set forth above, is one of the universities in the University of Louisiana System and subject to the requirements of the Consent Decree.

In 2016, the EEOC filed a motion for contempt, arguing that the Board and ULM had failed to comply with the provisions of the Consent Decree, including the provisions that required the issuance and dissemination of a new written retaliation policy and the rescission and removal from of references to punishment or discipline of persons for making false claims of discrimination from all university policies.   A hearing was held on the EEOC's motion, and the Court issued a Ruling

3

finding that the Board failed to take these actions, among others, prior to the end of the compliance or enforcement periods in the Consent Decree.  To remedy the violations, the Court extended the original Compliance Period until December 31, 2017.

Louisiana Tech argues that its failure to comply with the provisions of the Consent Decree is irrelevant and/or unduly prejudicial.[2]  Louisiana Tech contends that the information is irrelevant and unduly prejudicial because Byrd admitted that she did not review the available employment policies, including the policies on the reporting of sexual harassment.   Therefore, Louisiana Tech argues that the policies could not provide a causal relationship between the harassment or retaliation and any harm visited upon Byrd because she did not read them.

Byrd responds that Louisiana Tech's policies are irrelevant to her sexual harassment claim because, as the Court previously ruled, Louisiana Tech may not rely on the policies to provide a defense under *Faragher/Ellerth*.   Byrd responds further that the policies **are** relevant to her retaliation claim to show the Board's "cavalier attitude towards its obligations under Title VII in general," to support her claims that she was subjected to discipline when she attempted to report harassment, and to help establish the retaliatory intent of Louisiana Tech's President Dan Reneau in conducting an investigation of Byrd rather than investigating her claims of sexual harassment. Byrd argues that Louisiana Tech can present its own evidence of its attempt to comply with the Consent Decree.

"Relevant evidence" is evidence that has any tendency to make a consequential fact "more

---

[2]The Board and Louisiana Tech are one and the same for purposes of this failure to comply with the Consent Decree.  Technically, it was the Board which failed in its duties under the Consent Decree, but it is also the Board which is the real Defendant in this case, acting through Louisiana Tech.

or less probable than it would be without the evidence." FED. R. EVID. 401. Relevant evidence may nonetheless be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [or] misleading the jury . . . ." FED. R. EVID. 403.  In this case, the Court must determine whether Louisiana Tech's failure to issue and disseminate a retaliation policy and failure to remove the false reporting provision from its policies are evidence that makes facts regarding her claim of retaliation more or less probable.

In order to state a *prima facie* case of retaliation, Byrd must show that (1) she engaged in an activity protected by law;  (2) an adverse employment action occurred;  and (3) there was a causal connection between the participation in the protected activity and the adverse employment action. *See Shackleford v. Deloitte & Touch, LLP*, 190 F.3d 398, 407-408 (5th Cir. 1999).  The causal link required by the third prong of the *prima facie* case does not rise to the level of a "but for" standard. *Gee v. Principi*, 289 F.3d 342, 345 (5th Cir. 2002) (citation omitted).  If a plaintiff makes a *prima facie* showing, then "an inference of retaliatory motive" is raised. *Fierros v. Texas Dep't of Health*, 274 F.3d 187, 191 (5th Cir. 2001) (citing *Evans v. City of Houston*, 246 F.3d 344, 354 (5th Cir. 2001)).  To overcome this retaliatory inference, Louisiana Tech must produce evidence of a legitimate non-retaliatory purpose for the employment action. *Gee*, 289 F.3d at 345 (citation omitted); *see also Fierros*, 274 F.3d at 191.  Finally, if Louisiana Tech satisfies its burden of production, Byrd must prove that its stated reason for the adverse action was merely a pretext for the real, retaliatory purpose. *Gee*, 289 F.3d at 345.

It is undisputed that Byrd's alleged report of sexual harassment is a protected activity and that her discharge is an adverse employment action.  The contested evidence does not address these two elements.  Instead, the evidence is admissible only if it is relevant to show the causal connection

5

between her report and her discharge.  "[C]ausation is difficult to prove.  Employers rarely leave concrete evidence of their retaliatory purposes and motives." *Nowlins v. Resolution Trust Corp.*, 33 F.3d 498, 507-09 (5th Cir. 1994).  Plaintiffs can rely on circumstantial evidence, such as temporal proximity and whether an employer followed its "typical policy and procedures in terminating the employee." *Id.*  While the disputed evidence is not, as Byrd acknowledges, "crucial," the Court finds that it does provide some circumstantial evidence that, even after entering a Consent Decree, Louisiana Tech  failed to place emphasis on protecting employees engaged in the protected activity of reporting sexual harassment, but rather still emphasized seeking to punish those who allegedly engage in false reporting.  Such evidence makes Byrd's theory of the case more probable and thus is admissible.

    While the proposed evidence is prejudicial to Louisiana Tech, the Court finds that it is not unduly prejudicial and that Louisiana Tech may counter the prejudicial effect.  Louisiana Tech may present evidence that it did have policies on reporting sexual harassment, evidence of its attempts to comply with the Consent Decree, and/or other evidence to show that its actions complied with policies and procedures for discharging employees.  Thus, Louisiana Tech's Motion in Limine is GRANTED IN PART and DENIED IN PART.

    **B.    Complaints Against Gullatt**

    Louisiana Tech also moves to exclude from evidence any student complaint against Gullatt in the years prior to Byrd's termination.  The specific incident to which Louisiana Tech refers apparently involved allegations by a student that Gullatt improperly touched the student.[3]  There is no evidence that the complaint was adjudicated or resulted in a judgment against Gullatt.  Louisiana

---

[3]The student was not identified by name.

Tech moves to exclude evidence of such complaint because it does not make Byrd's claims against Beer more or less probable under Rule 401 and it constitutes improper character evidence under Rule 404(b)(1).

Byrd responds that the complaint against Gullatt is relevant to show that it was acceptable at Louisiana Tech to retaliate against anyone who made such complaints.  Byrd asserts that the evidence will show that the student who made a complaint against Gullatt was subsequently removed or transferred from his or her position.  Therefore, Byrd contends that the evidence is admissible to support her retaliation claim.

The Court finds that this evidence should be excluded.  Arguably, evidence that a student suffered retaliatory consequences after complaining about Gullatt, the very person to whom Byrd reported Beer's behavior, is at least minimally relevant to her claim of retaliation.  However, the lack of information regarding the complaint; the fact that it involved a student, not an employee; the fact that there is no evidence of any investigation, adjudication, or other resolution; and the lack of information to determine the complete nature of the allegations render any minimal relevance substantially outweighed by a danger of unfair prejudice and confusion of the issues.

Further, under Rule 404(b), "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."  Given the lack of information regarding this evidence, it appears that Byrd would be offering the complaint against Gullatt for the exact purpose prohibited by Rule 404(b).  Therefore, to this extent, Louisiana Tech's Motion in Limine is GRANTED.

## III.    CONCLUSION

For the foregoing reasons, Louisiana Tech's Motion in Limine [Doc. No. 43] is GRANTED

IN PART and DENIED IN PART.  To the extent that Louisiana Tech moves the Court to exclude from evidence from trial on the April 19, 2010 Consent Decree entered in the matter of in *EEOC v. ULM*, the motion is GRANTED IN PART and DENIED IN PART.  Byrd will be permitted to introduce limited evidence on Louisiana Tech's failure to comply with the Consent Decree to show a causal connection between her report of sexual harassment and her discharge.  However, the Court will not permit extensive evidence on the *EEOC v. ULM* case.  Additionally, Louisiana Tech may present evidence that it did have policies on reporting sexual harassment, evidence of its attempts to comply with the Consent Decree, and/or other evidence to show that its actions complied with policies and procedures for discharging employees.  To the extent that Louisiana Tech moves the Court to exclude evidence from trial of any student complaint against Gullatt, the motion is GRANTED.

MONROE, LOUISIANA, this 18th day of November, 2016.


_____
**ROBERT G. JAMES**
**UNITED STATES DISTRICT JUDGE**