UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **MISTY BYRD** | * | **CIVIL ACTION NO. 14-2804** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **THE BOARD OF SUPERVISORS FOR THE UNIVERSITY OF LOUISIANA SYSTEM d/b/a LOUISIANA TECH UNIVERSITY** | * | **MAG. JUDGE KAREN L. HAYES** |

## RULING

Plaintiff Misty Byrd ("Byrd"), a former employee of Louisiana Tech University, brought this action against the Board of Supervisors for the University of Louisiana System d/b/a Louisiana Tech University ("Tech") under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. Tech filed a Motion for Partial Summary Judgment [Doc. No. 56], contending that Byrd is not entitled to recover damages for her alleged loss of health and dental insurance, employer contributions to the state employees' retirement system, or miscellaneous fringe benefits. Byrd filed a memorandum in opposition to Tech's motion. [Doc. No. 60]. Tech filed a reply memorandum. [Doc. No. 61].

For the following reasons, the Motion for Partial Summary Judgment is GRANTED IN PART and DENIED IN PART.

**I.      FACTS AND PROCEDURAL HISTORY**

Byrd was an employee of Tech between 2003 and April 30, 2012, the effective date of her termination. She was hired by and worked under the supervision of her former step-father, Dr. Glen

Beer ("Beer"). Byrd contends that Beer sexually harassed her until 2012. She contends further that her termination was a culmination of the harassment and/or retaliation in violation of Title VII. At the time of her termination, Byrd was an office manager in the College of Education. Byrd alleges that she attempted to report the alleged harassment to David Gullatt, Dean of the College of Education, but she claims he refused to listen. Tech contends that Byrd was terminated by Dean Gullatt after she was involved in two incidents with a Kinesiology professor, Tammy Schilling. Tech further contends that it was unaware of Beer's alleged harassment of Byrd until she made a report to the Human Resources Department on April 26, 2012, after she had been informed that she was being terminated.

After receiving her notice of right to sue from the Equal Employment Opportunity Commission ("EEOC"), Byrd filed a Complaint [Doc. No. 1] in this Court on September 25, 2014. In the Complaint, Byrd alleges that "[s]he has suffered loss of income, past and future, lost her health and dental insurance as well as employer contributions in the state employee's retirement system, causing her great economic damage." *Id.* at ¶13. In her prayer for relief, Byrd seeks "judgment . . . in a sum reasonable in the premises, estimated to be $750,000.00 to compensate her for her lost wages, past and future, lost retirement income to compensate her for her emotional distress, pain and suffering, reinstatement to a position similar in nature to her previous employment together with all costs of these proceedings and judicial interest from date of judicial demand." *Id.* at ¶ 14.

On January 4, 2017, Tech filed the instant motion. On January 30, 2017, Byrd filed an opposition memorandum. On February 13, 2017, Tech filed a reply memorandum.

On March 6, 2017, Tech also filed a pretrial memorandum. [Doc. No. 64]

Finally, the instant motion was discussed with Magistrate Judge Hayes at the pre-trial conference on March 8, 2017.

The Court is now prepared to rule.

## II. LAW AND ANALYSIS

### A. Motions for Summary Judgment

Under Federal Rule of Civil Procedure 56(a), "[a] party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the initial burden of informing the court of the basis for its motion by identifying portions of the record which highlight the absence of genuine issues of material fact. *Topalian v. Ehrmann*, 954 F.2d 1125, 1132 (5th Cir. 1992); *see also* Fed. R. Civ. P. 56(c)(1) ("A party asserting that a fact cannot be . . . disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). In evaluating the evidence tendered by the parties, the Court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255. However, "a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. Thus, Summary Judgment is appropriate if a reasonable jury could not return a verdict for the nonmoving party." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (citing *Anderson v. Liberty Lobby,*

*Inc.,* 477 U.S. 242, 248 (1986)); *see also Ruiz v. Whirlpool, Inc.*, 12 F.3d 510, 513 (5th Cir. 1994) ("Testimony based on conjecture or speculation is insufficient to raise an issue of fact to defeat a summary judgment motion because 'there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. . . . If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.'").

### B.     Damages Sought and Necessary Proof

Tech argues that Byrd is not entitled to recover damages for her alleged loss of health and dental insurance, employer contributions in the state employees' retirement system, or miscellaneous fringe benefits and moves the Court for partial summary judgment. Tech points out that Byrd's Initial Disclosures lists damages for lost retirement benefits of $729,000.00, damages for health insurance payments of $10,000.00, and damages for miscellaneous fringe benefits of $50,000.00, but none of her discovery responses provides documents or calculations to support these claims. Tech further points out that Byrd does not have an economic expert.

Byrd responds that she is seeking reinstatement to her former position, and, if she is reinstated, she will be entitled to back pay, to credit for time in the retirement system, and proper contributions to bring her back to the level she would have been if she had not been terminated. Byrd clarifies that she is not making a claim for loss of earning capacity, but lost wages. Further, with regard to her medical insurance claim, Byrd seeks only the difference between the premiums she paid while employed at Tech and the higher premium she is paying at her subsequent employment. Finally, Byrd argues that expert testimony is not necessary for the calculation of the value of retirement benefits if front pay is awarded in lieu of reinstatement because such calculation would be uniquely within the province of the retirement system which routinely makes such

calculations and is a matter of arithmetic, not expert calculation. Byrd offers no response to Tech's arguments regarding the recovery of "fringe benefits."

Tech replies that Byrd still has not provided evidence or calculations to support her claims for $50,000.00 in fringe benefits, $10,000.00 in health insurance payments, or her "massive yet unsubstantiated" claim for $729,000.00 in retirement benefits.

At the pre-trial conference, Byrd's counsel clarified that Byrd is not seeking recovery of any fringe benefits at this point, that she will seek to recover only the difference between the health insurance premium payments she paid at Tech and those she paid at her subsequent employment, and that she is not seeking to recover 20 years of retirement benefits, but only a number of years appropriate under the law.

Under Title VII, a plaintiff may seek back pay, reinstatement, front pay (in lieu of reinstatement), compensatory damages, punitive damages, attorneys' fees, and costs. A jury makes any award of back pay, compensatory damages, and punitive damages. However, reinstatement and front pay are equitable remedies within the province of the Court, not the jury. 42 U.S.C. § 2000e-5(g)(1) (authorizing "reinstatement" and "other equitable relief as the court deems appropriate.").

Having reviewed the parties' arguments, the record, and the case law, the Court finds that Tech's motion should be GRANTED IN PART and DENIED IN PART. To the extent that Tech moves for summary judgment on Byrd's claim for unidentified and unsubstantiated "fringe benefits," the motion is GRANTED, and this claim is DISMISSED WITH PREJUDICE. The motion is otherwise DENIED. The Court finds that Byrd has presented sufficient argument and evidence to raise a genuine issue of material fact for trial on any reasonable claim for retirement benefits and the damages she allegedly suffered in the payment of health insurance premiums. The Court recognizes

and understands Tech's concerns, particularly with the calculation and reduction to present value of any retirement benefits Byrd might recover as front pay. However, as the Fifth Circuit has instructed:

> "Front pay can only be calculated through intelligent guesswork, and we recognize its speculative character by according wide latitude in its determination to the district courts." *Sellers v. Delgado Coll.*, 781 F.2d 503, 505 (5th Cir. 1986). This court has identified several factors to be considered in determining the amount of a front pay award: (1) the length of prior employment, (2) the permanency of the position held, (3) the nature of the work, (4) the age and physical condition of the employee, (5) possible consolidation of jobs, and (6) the myriad other non-discriminatory factors which could validly affect the employer/employee relationship. *Reneau v. Wayne Griffin & Sons, Inc.*, 945 F.2d 869, 871 (5th Cir.1991).

*Downey v. Strain*, 510 F.3d 534, 544 (5th Cir. 2007). If, at the close of Byrd's evidence, Tech remains of the opinion that her evidence is insufficient for "intelligent guesswork," Tech may re-urge its motion.

### III. CONCLUSION

For the foregoing reasons, Tech's Motion for Partial Summary Judgment [Doc. No. 56] is GRANTED IN PART and DENIED IN PART. The motion is GRANTED as to Byrd's claim for unidentified and unsubstantiated "fringe benefits," but the motion is otherwise DENIED.

MONROE, LOUISIANA, this 10th day of March, 2017.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE